UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY J. HALL,<br><br>    Plaintiff,<br><br>    v.<br><br>SOCIAL SECURITY ADMINISTRATION, et al.,<br><br>    Defendants. | No. 2:17-cv-0065-MCE-KJN PS<br><br>ORDER |

    Plaintiff Anthony Hall, who proceeds without counsel in this action, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1]  (ECF No. 2.)  Plaintiff's application in support of his request to proceed *in forma pauperis* makes the showing required by 28 U.S.C. § 1915.  Accordingly, the court grants plaintiff's request to proceed *in forma pauperis*.

    The determination that a plaintiff may proceed *in forma pauperis* does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21).

1

an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma pauperis* is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

In this case, plaintiff alleges that, in the course of a visit to the Social Security office in Sacramento, California to apply for a Social Security card, he was detained, subjected to excessive force by having his head pinned down in a black basket for about 5 minutes, and handcuffed by defendant Barry Gaab, a security guard employed by defendant Paragon Security,

2

Inc. to provide security services at the Social Security office. According to plaintiff, agents from the Federal Protective Service were dispatched, but ultimately released plaintiff. Plaintiff's complaint asserts the following claims: (1) deprivation of Fourth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983; (2) violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983; (3) violation of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983; (4) false arrest and false imprisonment pursuant to 42 U.S.C. § 1983; (5) deprivation of rights under color of law pursuant to 18 U.S.C. § 242; (6) battery; (7) violation of the California Constitution; and (8) assault.

As an initial matter, the court notes that plaintiff fails to allege any facts suggesting wrongful action by the Social Security Administration itself. Although plaintiff alleges that one or more Social Security Administration employees may have witnessed the incident and may be in possession of video footage or other evidence concerning the incident, plaintiff's allegations do not plausibly suggest that the Social Security Administration is liable for any of the misconduct alleged. As such, if plaintiff elects to amend his complaint, plaintiff should strongly consider whether the Social Security Administration is properly named as a defendant.

Furthermore, plaintiff's claims under 42 U.S.C. § 1983 fail to state a claim on which relief may be granted. A claim under 42 U.S.C. § 1983 generally does not lie against a private individual or business entity that does not act under color of state law. See Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002). Here, defendant Gaab is a private security guard for defendant Paragon Security, Inc., a private company which provides security services at the Sacramento office of the Social Security Administration. As such, they are not state actors. Additionally, the Social Security Administration is a federal agency and thus not a state actor acting under color of state law. Therefore, claims under 42 U.S.C. § 1983 are not viable against defendants.

Plaintiff's claim under 18 U.S.C. § 242 likewise fails, because 18 U.S.C. § 242 is a federal criminal statute, and plaintiff, as a private citizen, does not have standing to prosecute alleged federal crimes.

Finally, plaintiff's remaining claims (assault, battery, and violation of the California Constitution) are state law claims. The court would not have original jurisdiction over such

claims, because they do not arise under federal law, and there is no diversity of citizenship here (plaintiff and at least defendant Gaab are citizens of California). Therefore, even if potentially viable, the court would decline supplemental jurisdiction over such state law claims.

In light of the above, the court dismisses plaintiff's complaint, but with leave to amend. If plaintiff elects to file an amended complaint, it shall be captioned "First Amended Complaint"; shall state a cognizable claim(s) invoking this court's jurisdiction; and shall be filed within 28 days of this order.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file a first amended complaint. If plaintiff determines that he is unable to amend his complaint to state a viable federal claim and instead wishes to pursue his claims in state court, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is granted.
2. Plaintiff's complaint is dismissed with leave to amend.
3. Within 28 days of this order, plaintiff shall file either a first amended complaint in compliance with this order or a request for voluntary dismissal of the action without prejudice.
4. Failure to timely comply with this order may result in dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: March 16, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE