UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY J. HALL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SOCIAL SECURITY<br>ADMINISTRATION, et al.,<br><br>　　　　　Defendants. | No. 2:17-cv-65-MCE-KJN PS<br><br>ORDER AND<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

On March 16, 2017, the court granted plaintiff's application to proceed *in forma pauperis* and dismissed plaintiff's original complaint with leave to amend. (ECF No. 4.) Plaintiff was given 28 days to file either an amended complaint or a notice of voluntary dismissal of the action. (<u>Id.</u>) Additionally, plaintiff was cautioned that failure to file either an amended complaint or a notice of voluntary dismissal by the required deadline may result in dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). (<u>Id.</u>)

After plaintiff failed to file either an amended complaint or a notice of voluntary dismissal by the required deadline, the court considered whether the action should be dismissed. Nevertheless, in light of plaintiff's *pro se* status, and the court's desire to resolve the action on the merits, the court on April 20, 2017 first attempted lesser sanctions by issuing an order to show

1

cause and imposing monetary sanctions.[1] (ECF No. 5.) The court also provided plaintiff with an additional opportunity to file an amended complaint. (Id.) Plaintiff's sanctions, response to the order to show cause, and first amended complaint were due within 21 days of that order, i.e., by May 11, 2017. (Id.) Plaintiff was again expressly cautioned that failure to timely comply with all terms of the order would result in dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). (Id.)

Although the May 11, 2017 deadline has now passed, plaintiff failed to pay the imposed sanctions, failed to respond to the order to show cause, and failed to file an amended complaint. Therefore, at this juncture, the court finds that dismissal is warranted.

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute

---

[1] Given that plaintiff is proceeding *in forma pauperis*, the amount of monetary sanctions imposed was a necessarily minimal amount of $100.00.

2

or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Ghazali, 46 F.3d at 53. The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Here, the first two Ferdik factors strongly support dismissal. Plaintiff's repeated failure to comply with the court's orders and deadlines suggests that plaintiff is not interested in seriously prosecuting the action, and/or does not take his obligations to the court and defendants seriously.[2] Therefore, any further time spent by the court on this case will consume scarce judicial resources and take away from other active cases.

---

[2] The court notes that at least some of its prior orders have been returned to the court as undeliverable. Nevertheless, it is plaintiff's obligation to keep the court informed of his current address, and service of the court's orders at the address on record was effective absent the filing of a notice of change of address. In relevant part, Local Rule 182(f) provides: "Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective."

The third Ferdik factor, prejudice to a defendant, also slightly favors dismissal. Plaintiff's unreasonable delay in prosecuting this action cannot be said to be without consequences. With the passage of time, evidence becomes stale and/or unavailable, making it more difficult to assess a case and mount a potentially viable defense.

The fifth Ferdik factor, which considers the availability of less drastic measures, also supports dismissal of this action. As noted above, the court has actually pursued remedies that are less drastic than dismissal by issuing an order to show cause and imposing minimal monetary sanctions, providing an additional opportunity to file an amended complaint, and clearly warning plaintiff of the consequences of failing to comply with the court's orders. However, plaintiff entirely failed to respond to the court's order, and did not even request an extension of time to comply. At this juncture, the court finds no suitable alternative to recommending dismissal of the action. Plaintiff has already failed to pay minimal monetary sanctions; he would likely be unable to pay increased monetary sanctions given his financial status; and, based on the limited record before the court at this stage of the proceedings, the court also cannot properly fashion any issue or evidentiary sanctions.

The court recognizes the importance of giving due weight to the fourth Ferdik factor, which addresses the public policy favoring disposition of cases on the merits. However, the fourth Ferdik factor is outweighed by the other Ferdik factors. Indeed, it is plaintiff's own failure to comply with court orders that precludes a disposition on the merits.

Therefore, after carefully evaluating and weighing the Ferdik factors, the court concludes that dismissal is appropriate.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

2. The Clerk of Court be directed to close this case.

In light of those recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this case are STAYED pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations or non-frivolous motions for emergency relief, the court will not entertain or respond to motions or other

filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: May 17, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE